IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JOHN D. TAYLOR and STEVE K. TAYLOR, § § § § Plaintiffs, § § v. § § WALMART PREPAID MONEY CARDS § and WALMART CORPORATE OFFICE, § § Defendants. § § | Civil Action No. 7:13-cv-00112-O-BL |

**ORDER ACCEPTING IN PART AND REJECTING IN PART FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On December 3, 2013, the United States Magistrate Judge made findings, conclusions and a recommendation in this case, recommending dismissal with prejudice, as well as the imposition of monetary sanctions based on Plaintiffs' extensive history of prior vexatious and frivolous lawsuits arising from the same or similar allegations, and a bar on filing future complaints rooted in the same allegations absent leave of Court. *Pro se* Plaintiffs, proceeding *in forma pauperis*, filed objections, and the district court has conducted a *de novo* review of those portions of the findings, conclusions and recommendation to which objection was made. The objections are **overruled** and the Court **accepts** the Findings, Conclusions and Recommendation of the United States Magistrate Judge insofar as the recommendation that this lawsuit be dismissed with prejudice as frivolous and/or for failure to state a claim, and insofar as the recommendation that an appropriate sanction is to bar Plaintiffs from filing complaints arising out of the same or similar allegations without leave of Court.

1

The Court determines that this is an appropriate sanction, but warns Plaintiffs that any future attempts to file frivolous claims rooted in the same or similar allegations will result in monetary sanctions.[1]  The Court **rejects** the recommendation insofar as the imposition of monetary sanctions at this time.

Accordingly, Plaintiffs' complaint is **DISMISSED** with prejudice as frivolous and/or for failure to state a claim under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), (ii).  Plaintiffs are barred from filing future complaints arising out of the same or similar allegations without leave of Court, and are barred from filing any future complaints *in forma pauperis* without leave of court.

The Court prospectively **CERTIFIES** that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation.  *See Baugh v. Taylor,* 117 F.3d 197, 202 and n. 21 (5th Cir.1997). Based on the Findings and Recommendation, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983).  In the event of an appeal, Plaintiffs may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit. *See Baugh,* 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**SO ORDERED** on this **17th day** of **December, 2013.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that it also allowed notice and an opportunity for *pro se* Plaintiffs to show cause why sanctions should not issue.  The Court has reviewed Plaintiffs' responses.  While Plaintiffs attempt to argue that their prior vexatious lawsuits arose from different allegations, the Court's independent review of the record shows otherwise.